IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GENE HENDERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:24-cv-175-Z-BR |
| | § | |
| DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Christopher Gene Henderson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF 1). For the reasons stated below, the Magistrate Judge recommends that the Petition be DENIED.

## I. FACTUAL BACKGROUND

On May 8, 1995, Henderson was sentenced to sixty years of imprisonment by the 181st Judicial District Court of Potter County Texas, pursuant to his plea of guilty to a first-degree felony for aggravated sexual assault. (ECF 21-1 at 37-42).[1] Henderson did not file a direct appeal. (ECF 1 at 2). On March 29, 1999, he filed his first state application for habeas corpus relief with the Texas Court of Criminal Appeals ("TCCA"). (ECF 21-1 at 6-23). The TCCA denied the state application without written order on the findings of the trial court on September 15, 1999. (ECF 21-2). Henderson filed a second state habeas application on March 24, 2023. (ECF 21-3 at 19-69). The TCCA denied the second petition without written order on the findings of the trial court and

---

[1] Page citations to the record refer to the electronic page number assigned by the Court's electronic filing system.

the TCCA's independent review of the record on December 20, 2023. (ECF 21-5). The government contends that Henderson filed a third habeas application with the TCCA on March 24, 2023, which Henderson disputes, saying that he merely filed objections to objections to the state's response to his second application. (ECF 20-8, ECF 24 at 9). The TCCA apparently construed Henderson's filing as a third habeas application and denied it without written order on December 20, 2023. (ECF 21-14). Characterization of the filing, however, is irrelevant for the purposes of this FCR.

Henderson filed his federal petition on August 2, 2024. (ECF 1). *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal petition is deemed filed on the date it is placed in the prison mail system). In its Preliminary Response, the government argues that Henderson's petition should be dismissed as untimely because he did not file within the applicable limitations period and he is not entitled to tolling of such limitations period. (ECF 20). Henderson filed a Reply, disputing the government's assertions and claiming that his petition is timely. (ECF 24; ECF 1 at 9).

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 authorizes a federal court to entertain a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). However, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, a federal court may not grant relief on any claim that was adjudicated on the merits in the state court proceeding unless the petitioner shows that the prior adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A decision is considered contrary to clearly established federal law if the

state reaches a conclusion opposite to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is considered unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

### III. LEGAL ANALYSIS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Under the statute, the habeas clock begins to run when one of the circumstances included in § 2244(d)(1)(A)-(D) triggers the AEDPA's application.

The government argues in its Preliminary Answer that Henderson's limitations period is governed by both Section 2244(d)(1)(A) and the enactment date of the AEDPA. Under Section 2244(d)(1)(A), because Henderson did not file a direct appeal, his conviction became final on June 7, 1995, which was his deadline for filing a direct appeal. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("the conviction becomes final when the time for seeking further direct review in the state court expires"); TEX. R. APP. P. 26.2(a). Henderson, however, is entitled to a grace period because his conviction became final prior to the enactment of the AEDPA. *Flanagan v. Johnson*,

154 F.3d 196, 200 (5th Cir. 1998) (holding that "petitioners … whose claims would otherwise be time-barred prior to the April 24, 1996, effective date of AEDPA, now have one year after the April 24, 1996, effective date of AEDPA in which to file a § 2254 petition for collateral relief."). Therefore, under Section 2244(d)(1)(A), Henderson's statute of limitations expired on April 24, 1997, unless Henderson can show that either a different provision of Section 2244(d)(1) applies or that he is entitled to tolling of the limitations period.

**B.     Removal of State-Created Impediment.**

Henderson argues that his limitations period is governed by Section 2244(d)(1)(B), which provides that the limitations period began on the date "on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Specifically, Henderson argues that a change in state law constitutes removal of an impediment such that the statute of limitations does not bar his federal petition.[2] (ECF 1 at 9). The government did not address Henderson's argument in its Preliminary Response and instead only discussed whether Henderson is entitled to equitable tolling of his limitations period as calculated pursuant to Section 2244(d)(1)(A).

In order to invoke Section 2244(d)(1)(B), "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003). Henderson must show that the state-created impediment actually prevented him from filing a Section 2254 petition in violation of the U.S. Constitution or federal law. *See id.* at 436-37; *see also Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (holding that a petitioner "must also show that the [impediment] actually prevented

---

[2] However, he also claims–without evidentiary support—that the impediment still exists. (ECF 1 at 9).

him from timely filing his habeas petition").

Henderson apparently bases his position on the case of *Ex Parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012), in which the TCCA abrogated previous Texas law regarding the effect of a defense attorney's erroneous advice about parole eligibility. Before *Moussazadeh*, for erroneous advice about parole eligibility to render a guilty plea involuntary, such advice had to be an "essential element of a plea bargain," as evidenced by: (1) the express terms of the written plea agreement; (2) the formal record at the plea hearing; or (3) the written or testimonial evidence submitted by both the prosecution and the defendant. *Id*. at 688. Instead, *Moussazadeh* held that, to show involuntariness of a guilty plea, a state habeas petitioner must only meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and show that (1) counsel was deficient in providing erroneous advice and (2) the applicant was prejudiced in that he would not have pleaded guilty but for counsel's deficient performance. *Moussazadeh*, 361 S.W.3d at 691.

Henderson claims that his guilty plea was not knowing and voluntary because he entered such plea based on his counsel's representation that he would be eligible for parole after serving one-fourth of his sentence. (ECF 1 at 6). However, under then-current Texas law, he actually would not be eligible for parole until he had served one-half of his sentence. (ECF 21-1 at 48; ECF 21-4 at 5). Had he known that he would not be parole-eligible for 30 years, he claims, he would not have entered a guilty plea. (ECF 1 at 6; ECF 24 at 4-5). In support of Henderson's first state habeas application, his trial attorney provided a declaration in which he admitted to the erroneous advice and stated his belief that Henderson would not have pleaded guilty had he known the true parole eligibility requirement. (ECF 21-1 at 48-49). However, at the time, Henderson apparently was unable to meet the pre-*Moussazadeh* standard for showing an involuntary guilty plea based on his attorney's erroneous advice. The change in law created by *Moussazadeh*, Henderson alleges, triggered application of Section 2244(d)(1)(B) for determining the applicable statute of limitations.

The Court disagrees with Henderson's assertion. If anything, the *Moussazadeh* decision may have given Henderson a new ground upon which to seek post-conviction relief, but it did not remove a constitutionally violative impediment to filing a federal petition. He has not shown that pre-*Moussazadeh* Texas law in any way violated the U.S. Constitution or federal law, or that it otherwise prevented him from filing a federal habeas petition.

Even assuming, however, that Henderson is correct and *Moussazadeh* removed a state-created impediment to filing a Section 2254 petition, his federal petition would not be timely. *Moussazadeh* was decided on February 15, 2012; if, indeed, the case removed a state-created impediment, Henderson had one year from that date to file his Section 2254 petition. *See* Section 2244(d)(1)(B). He did not do so. The one-year period for Henderson to timely file a federal habeas petition—assuming that *Moussazadeh* started his limitations period--expired on February 15, 2013, absent tolling.

**C.     Henderson is Not Entitled to Statutory Tolling.**

The Court first considers whether Henderson is entitled to statutory tolling due to the filing of his state habeas applications. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Henderson filed his first state habeas application on March 29, 1999,[3] which was not within one year of enactment of the AEDPA. To the extent Henderson's limitations period may have begun with the issuance of the *Moussazadeh* opinion, as he contends, his state applications were filed on March 29, 1999, and March 24, 2023, so neither were filed within one year of the 2012

---

[3] Although Henderson did not certify the date his application was placed in the prison mail system, the Court uses the date he signed the application as the earliest possible date he could have mailed the petition for the purpose of determining whether he filed within the limitations period.

*Moussazadeh* decision. Even if *Moussazadeh* represented the start of the limitations period, his state applications do not operate to toll it. Therefore, Henderson is not entitled to statutory tolling.

**D.       Henderson is Not Entitled to Equitable Tolling.**

The Court next considers whether Henderson is entitled to equitable tolling. A party seeking an extension of the statute of limitations on equitable grounds has the burden of showing entitlement to such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). A petitioner must pursue the habeas process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). The burden of proof rests with the petitioner, who must meet both prongs of the equitable tolling test. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

First, the petitioner must demonstrate "reasonable diligence [in pursuing his rights], not maximum feasible diligence." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653). There is no temporal cut-off for diligence, but "'delays of the petitioner's own making do not qualify' for equitable tolling." *Clarke*, 721 F.3d at 344. Henderson does not explain the delay in filing his federal petition (either from the date his conviction was final or from the date of the *Moussazadeh* decision), nor has he shown that "extraordinary circumstances" kept him from filing such that equitable tolling is applicable.

Lastly, although Henderson asserts that his counsel rendered ineffective assistance, he does not allege that his attorney caused him to miss the limitations period. *Vineyard v. Dretke*, 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling applicable when an attorney

affirmatively misinforms his client and causes him to miss the limitations period). Consequently, equitable tolling is unwarranted and does not apply to revive Henderson's claims.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of Henderson's Section 2254 motion on procedural grounds, nor find that the issues presented are adequate to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (*citing Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Henderson is not entitled to a certificate of appealability.

### IV. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge recommends that Henderson's petition for a writ of habeas corpus be DENIED and that a Certificate of Appealability be DENIED with prejudice.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 17, 2025.

*[signature: Lee Ann Reno]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).